UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN DEVOTA HARRIS,

                        Plaintiff,

            -against-

GILFORD GITTENS; JAMES SOWELL;
CYRUS ROBERT VANCE JR. NITIN
SAVUR; CHAUNCEY PARKER; MICHAEL
SACHS, JOHN IRWIN; CAREY DUNNE,

                        Defendants.

20-CV-1306 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

> Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants conspired to violate his constitutional rights.[1] By order dated March 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth in this order, the Court dismisses this action and grants Plaintiff leave to replead within thirty days.

## STANDARD OF REVIEW

> The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff filed this complaint in the United States District Court for the Eastern District of New York, and that court transferred it here. *See Thomas v. Sowell*, No. 20-CV-522 (E.D.N.Y. Feb. 13, 2020).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Named as defendants in this matter are New York County District Attorney Cyrus Vance and eight other individuals who appear to be assistant district attorneys in Vance's office (Gilford Gittens, James Sowell, Nitin Savur, Chauncey Parker, Michael Sachs, John Irwin, and Carey Dunne). According to Plaintiff, the events giving rise to this action occurred in Manhattan on November 7, 2018, on West 28th Street, West 34th Street, and the West 34th Street "train

platform." Following is a summary of the allegations in the complaint, which are not presented clearly or chronologically.

Defendant Gittens followed Plaintiff from the Civilian Complaint Review Board (CCRB) office on Church Street. Thereafter, Defendants "teamed up" with transit police officers to falsely arrest Plaintiff. Defendants "lied" and committed perjury by claiming that Plaintiff had been carrying "firearms and handguns," and they stole Plaintiff's "classified state legal doc[uments]" and imposed excessive bail. Plaintiff was the victim of "ID theft," fraud, and "money laundering." According to Plaintiff, "all the DA offices are involved with the plot & crimes at large," and have targeting Plaintiff since 2016. Plaintiff seeks millions of dollars in damages, and the return of his legal documents.

## DISCUSSION

### A.      Claims Against Prosecutors

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Plaintiff's claims against District Attorney Vance and assistant district attorneys in his office appear to be based on actions within the scope of their official duties and associated with the conduct of a trial. Therefore, these claims are dismissed because they seek monetary relief

against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.      False Arrest Claim**

A claim for false arrest under § 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 925 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *see also Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of § 1983 claims and courts should not "mechanically apply" the law of New York State); *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

If "the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest," the arrest is privileged, and the plaintiff cannot state a claim for false arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances

that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken.

Plaintiff does not describe the circumstances leading to his arrest, the nature of the charges brought against him, or the status of the criminal proceedings initiated against him. It is not enough to declare, "Defendants falsely arrested me." In the event that Plaintiff choses to file an amended complaint, he should provide facts suggesting that Defendants lacked probable cause to arrest him.

**C.      Personal Involvement**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

(1) the defendant participated directly in the alleged constitutional violation,
(2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under

which unconstitutional practices occurred, or allowed the continuance of such a
policy or custom, (4) the defendant was grossly negligent in supervising
subordinates who committed the wrongful acts, or (5) the defendant exhibited
deliberate indifference to the rights of [the plaintiff] by failing to act on
information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Should Plaintiff file an amended complaint, he must provide facts showing how each

individual defendant was personally involved in falsely arresting him.

## LITIGATION HISTORY

Plaintiff has filed a number of *pro se* cases in this Court. *See Harris v. Fuster*, ECF 1:18-

CV-10196, 11 (CM) (S.D.N.Y. Mar. 29, 2019) (dismissing complaint for failure to state a claim

and for lack of subject matter jurisdiction), *recons. denied*, (S.D.N.Y. Sept. 20, 2019); *Harris v.

Harris*, ECF No. 1:19-CV-11658, 1 (S.D.N.Y. filed Dec. 20, 2019) (pending); *Harris v. Mt.

Sinai St. Lukes*, ECF 1:20-CV-00293, 7 (S.D.N.Y. Feb. 21, 2020) (dismissing complaint for lack

of subject matter jurisdiction); *Harris v. Denully*, ECF 1:20-CV-1307, 1 (S.D.N.Y. filed Feb. 14,

2020) (pending).

Plaintiff is warned that if abuses the privilege of proceeding IFP, he may be ordered to

show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in

this Court without prior permission. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009)

(discussing circumstances where frequent *pro se* litigant may be charged with knowledge of

particular legal requirements.)

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)]
may have heightened the requirements for showing a supervisor's personal involvement with
respect to certain constitutional violations," the Second Circuit has not yet examined that issue.
*Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim and on immunity grounds. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

In an abundance of caution, the Court grants Plaintiff thirty days' leave to file an amended complaint. An amended complaint form is attached to this order for Plaintiff's convenience.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 20, 2020
         New York, New York

_____
          COLLEEN McMAHON
      Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                         (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                     Middle Initial          Last Name

_____

Street Address

_____

County, City                            State                    Zip Code

_____

Telephone Number                        Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                   State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                   State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                   State                    Zip Code

Defendant 4: _____

              First Name                   Last Name

              _____

              Current Job Title (or other identifying information)

              _____

              Current Work Address (or other address where defendant may be served)

              _____

              County, City             State             Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.